IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-61,269-01






EX PARTE DAMIEN NATHA CALHOUN, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 2001-858-CA IN THE 54TH 

DISTRICT COURT McLENNAN COUNTY 





 Per Curiam.


O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). After a jury trial, Applicant was convicted of murder and was sentenced to a term of
life in prison. The conviction was later upheld on appeal in Calhoun v. State, No.
10-02-039-CR (Tex. App.-Waco 2002), pet. ref'd., cert denied, Calhoun v. Texas, 540 U.S.
1121 (2004).

 In his application for a writ of habeas corpus, Applicant contends, inter alia, that his
trial counsel and appellate counsel provided ineffective assistance. Applicant bases his
contentions on several grounds.

 While the trial court has entered findings of fact and conclusions of law, it is this
Court's opinion that additional fact-finding is needed before this Court can render a decision
on the aforementioned grounds for review. Thus, further information must be submitted
from counsel addressing Applicant's ineffective assistance of counsel claims.

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure, in that it shall order affidavits from trial and appellate counsel. The trial court
may also order depositions, interrogatories, or hold a hearing. In the appropriate case, the
trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent, and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Article
26.04 of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the
hearing. 

 Following the receipt of additional information, the trial court shall determine whether
Applicant was denied effective assistance of counsel at trial and on appeal, specifically
concerning his claim raised under Batson v. Kentucky, 476 U.S. 79, 84 (1986), and the trial
court may make any further findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's application for habeas corpus relief. Further,
because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d at 294, this
application for a post-conviction writ of habeas corpus will be held in abeyance pending the
trial court's compliance with this order. Resolution of the issues shall be accomplished by
the trial court within 90 days of the date of this order. (1) A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any
hearing or deposition along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. (2)




DELIVERED: December 7, 2005

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.